(Decided 18th June, 1891.)

GEORGE R. STERLING, of NOAH *vs.* GEORGE B. HORNER, Officer of Registration of Tangier District No. 9 of Somerset County, and H. FILLMORE LANKFORD, Clerk, &c.

*Registration— Voter—Sec.* 14 *of Act* 1890, *ch.* 573.

A citizen of Somerset County left the State in August, 1890, and took up his abode in Washington City. In February, 1891, he left Washington and returned to Somerset County. Before leaving the State he failed to make the affidavit before the clerk of the Circuit Court for Somerset County, as required by section 14 of the Act of 1890, ch. 573, that he did not intend to change his legal residence within the State, but intended to return to the State, and take up his actual domicile therein. HELD:

That the Registration officer properly refused in September, 1891, to register such person as a voter, so as to entitle him to vote at the November election following.

APPEAL from the Circuit Court for Somerset County.

Judge IRVING delivered the following opinion in the Court below :

The appellant was refused registration as a voter by the appellee, who is Registration Officer of Tangier District, because the appellant in August, 1890, left this State, and took up his abode in Washington City, and

did not, when leaving this State, make the affidavit required of him by the Act of 1890, chap. 573.   At the hearing in this Court, the appellant testified that he was born and raised in this county, and never had any other home except a temporary one in Washington City; that having been appointed to a clerkship in the Census Office, (which appointment was marked "temporary"), he went to Washington on the 12th day of August, 1890, and remained there without his family, discharging his duties until the last of September or first of October when he sent for his wife, and she and her child came to Washington ; that he rented a tenement and went to housekeeping, and kept house until the first of February following (1891) when she took their child and returned to Somerset County, and their furniture was all sent back to Somerset County.   Shortly afterwards he was taken sick, and the last of February he returned to Somerset County, and has remained there ever since; that is, continuously for six months preceding the coming election.

He did not make and file the affidavit with the Clerk of the Circuit Court of his intention to return to Somerset County, and that he had no design of abandoning his residence in the State, as is required by the Act of Assembly.   He testified that in leaving the State he had no design of abandoning his residence in it ; but the Court ruled that under the Act of 1890, that statement was not receivable as evidence of his purpose in the premises.   That Act was designed to make, and does make the affidavit which it requires the only evidence, in his behalf, of what his purpose was in taking up an abode in Washington ; and it makes the omission to make and file such affidavit conclusive evidence of an intention to abandon his residence in the State ; and confessedly that was not made.   Mr. Sterling did leave the State and did take his family to Washington where he took up an abode as a householder.   That act the law treats as

raising a presumption of intention to change his residence unless satisfactorily explained. How to explain it and to rebut this presumption, it required the affidavit already mentioned, and made, as we have said, the omission to take and file that oath with the clerk a conclusive presumption of intention to abandon residence in the State. It follows, that, as the appellant did not make and file that affidavit, the Register was right in refusing him registration, unless the appellant belongs to a class which the Act of Assembly was not intended to affect and on whom the Act does not and cannot operate. This the appellant contends is the case, because he says the Act of Assembly imposes on him an impossible condition, in requiring of him the oath prescribed in the Act, which oath he could not truthfully make ; in other words, he insists that as he left the State on the 12th of August, less than three (3) months remained before the next election in November, and he could not swear to an intention to return within six months preceding the next election, as the law required. For this reason his counsel contends that the law was void *pro tanto, i. e.,* as to him, and all in *consimili casu.* This view we cannot accept ; and a proper construction of the statute, and the affidavit it provides to be taken, will not justify its adoption. The manifest intention of the Legislature was to provide for the cases of all persons already out of the State without designing to lose their residence when the law was passed, and all persons leaving the State after its passage with *bona fide* intention of returning within a definite period. Of those already out of the State the oath was to be made and filed within 30 days after the law's passage ; and of those leaving the State after the law's passage and taking up abode elsewhere, within ten days after leaving the State, if not made at or about the time of leaving. If any of the first class mentioned made the oath, there would be six months before the next election. If any of

the second class made oath later than early in May six months could not elapse before the next November election. It cannot be supposed that the Legislature meant to make a law applying only to those who left the State between the 8th of November and the 8th of May, and that it should not apply to those leaving between May and November. Such an absurd and unreasonable design cannot be ascribed to the Legislature; and yet that is exactly what the appellant's contention asks us to say is necessarily implied by the wording of the statute, and unavoidably deduced from it. The appellant's counsel admits the Court of Appeals has upheld the law as valid and constitutional, and has enforced it in several cases; but these cases were not like this; and that the language of the statute makes an impossible demand, and is, therefore, partially void. We do not think his construction of the Act and oath right, nor his deduction reasonable. In *Southerland vs. Norris* (*ante p.* 326) the Court of Appeals sustained the law; and also in *Lancaster vs. Herbert, &c.* (*ante p.* 334.) In *Ticer, &c. vs. Thomas* (*ante p.* 342) it was also treated as valid.

Having been so sustained and enforced the Act must be given a construction which will make its provisions reasonable, consistent, and capable of uniform enforcement. If it is void in the respect contended for, it must be struck down entirely. A cardinal rule of construction is to ascertain the meaning of the Legislature as fairly indicated by the language used. It clearly indicates that a party leaving the State and taking up an abode outside it, without desiring to abandon the State, should not do so if he *bona fide* made the affidavit prescribed for him to take, and then *bona fide* followed it up by coming back as the law required. It as clearly indicated an intention that the extreme limit of such abode outside the State, should not exceed a period which would leave six months before the election which was six months

after making affidavit. Hence it provided that the person should not only swear to an intention to return on or before six months before such election, but that he should return and resume his abode in the State six months before such election. It intended all persons who so left the State to have the privilege of staying away after taking the oath prescribed until six months only remained till the election in November, which was at least six months after his taking the oath. But it as clearly intended that the affidavit was to be the only evidence in his behalf of his purpose in leaving. When therefore the statute provided that he should swear, that notwithstanding such removal he does not intend thereby to change his residence, but that he has a fixed and definite purpose to return to this State on or before six months preceding the next election in November, the Legislature clearly meant the election in November which would be after six months after making the oath. It could not have intended to fix an impossible period. It certainly meant the election in November which would follow the six months after making the affidavit. We think the law intended all to have at least six months for their residence out of the State before they were required to return to save residence. This being our view he would have been entitled to be retained as a registered voter at the first election after making the affidavit, but was liable to be stricken off if he did not return six months before the next election. The law may be harsh and exacting, but we see no escape from sustaining the Registrar's decision, and therefore affirm it.

*Exception.*—At the trial in the Circuit Court, the applicant for registration having testified as set out with sufficient fullness in the foregoing opinion of Judge IRVING, asked the Court to rule that "as he did not leave the State until the 12th of August, 1890, he could not

take the oath which the Act of 1890 provided should be taken, and therefore the Act imposed on him an impossible condition, and was therefore void to that extent, and that he was, notwithstanding the provisions of that Act, entitled to registration;" but the Court overruled this prayer, and ruled that the true construction of the law was not such as contended for by the applicant, and he was not entitled to registration. To this ruling the applicant excepted, and took this appeal.

The cause was submitted to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*Thomas S. Hodson*, for the appellant.

*James T. Dennis*, for the appellees, filed as their brief the opinion of Judge IRVING in the Court below.

PER CURIAM:—The order appealed from in this case is affirmed, for the reasons assigned by the Judge below. The cost of appeal to be paid by the appellant.

*Order affirmed.*

(Decided 22nd October, 1891.)

ROBINSON, J., dissented.